## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| **MARIANNE TODD,** | |
| **Plaintiff,** | |
| **v.** | **Case No.**  3:19-cv-699 HTW-LRA |
| **AETNA LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Aetna Life Insurance Company ("Aetna" or "Defendant") files this Notice of Removal to remove this civil action from the County Court of Lauderdale County, Mississippi, wherein it was filed as Case No. CA19-0921, to the United States District Court for the Southern District of Mississippi, Northern Division.   This cause is removable pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") because Plaintiff's Complaint presents a federal question.   The grounds for removal are as follows:

1.     Plaintiff Marianne Todd commenced this civil action in the County Court of Lauderdale County, Mississippi, on July 25, 2019.   A true and correct

copy of all process and pleadings filed in the County Court of Madison County, Mississippi are attached hereto as Exhibit "A".

2.     The Complaint and Summons were served on CT Corporation as agent for Aetna on August 30, 2019.  Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3.     The United States District Court for the Southern District of Mississippi, Northern Division, is the federal judicial district embracing the County Court of Lauderdale County, Mississippi, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 104(b)(1) and 1441(a).

## FEDERAL QUESTION JURISDICTION

4.     Plaintiff alleges in her Complaint that she is due Accidental Death and Personal Loss ("ADPL") benefits under a group policy issued by Aetna Life Insurance Company to her husband's employer, CCL Industries Corporation ("CCL").  (*See* Compl. at ¶¶ 5-7, 10-11).  Plaintiff's claim for benefits follows the death of Dudley Tardo, an employee of CCL and a participant in the Plan.  (*See* Compl. at ¶¶ 5-8).

5.     Aetna issued group policy GP-621487 (the "Policy") to CCL to fund the life insurance and ADPL components of the CCL Industries Corporation

Welfare Plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA.  A copy of the Policy is attached hereto as Exhibit "B."  It expressly references ERISA and provides a statement of participant's rights under ERISA.  *See* Exhibit B at 43-45.  Aetna serves as the claims administrator for claims made under the Plan.

6.     Plaintiff's action against Defendant could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 in that Plaintiff seeks to recover benefits under an employer-sponsored plan governed by ERISA.

7.     The ERISA statute provides that a civil action may be brought by a participant or beneficiary under § 502(a)(1)(B) of ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Plaintiff's claims in her Complaint fall squarely within the ERISA's civil enforcement provisions.

8.     Although Plaintiff's Complaint purports to assert a state-law breach-of-contract claim, the well-pleaded complaint rule is qualified by the doctrine of complete preemption.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004).  In *Davila*, the Supreme Court set out the following test for complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is

> entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210. Therefore, in order for complete preemption to apply, "*Davila* requires inquiry into (1) whether [the plaintiff] **could have brought [her] claim under § 502(a)**; and (2) whether no other legal duty supports [plaintiff's] claim." *Smith v. Hartford Life & Accident Ins. Co.*, No. 2:11CV35KS-MTP, 2011 WL 1402880, at *3 (S.D. Miss. Apr. 13, 2011) (emphasis added).

9.     Each of these two elements is readily satisfied in this case. First, Plaintiff's claim falls squarely within the scope of § 502(a)(1)(B) as she is expressly seeking benefits under the Policy and Plan. (*See* Compl. at ¶¶ 10-11 and "Wherefore" paragraph).

Specifically, Plaintiff alleges:

> 10.     On or about the 30th day of July 2016, defendant issued a policy whereby defendant insured the life of Dudley Tardo for accidental death who died on the 30th day of July 2016, of which defendant has had notice.

> 11.     As a result, the amount of the policy is now due, and plaintiff is beneficiary of the proceeds of the policy.

WHEREFORE, plaintiff demand judgment against defendant in the sum of $50,000.00, interest, attorney's fees, and costs.

(Compl. at ¶¶ 10-11 and "Wherefore" paragraph). Such allegations directly concern benefits under the Policy and Plan that fall within the scope of ERISA.

10.    Plaintiff could have brought her claims under § 502(a) in her capacity as an alleged beneficiary as defined by ERISA. *See* 29 U.S.C. § 1002(8).

11.    Second, there is no separate legal duty supporting Plaintiff's claims because those claims arise out of an ERISA-governed Plan and directly relate to the allegedly improper denial of her claim for Plan benefits. In other words, the duty upon which Plaintiff's claims are based cannot exist independently of the Plan. Accordingly, both prongs of the Davila test for complete preemption are met in this case.

12.    Besides complete preemption under ERISA § 502(a) (29 U.S.C. § 1132(a)), ERISA also preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." See 29 U.S.C. § 1144(a). Claims "relate to" an ERISA plan if they have "a connection with or reference to" an employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). *See, e.g., Sanford v. TIAA-CREF Individual & Institutional Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 WL 627994, at *3 (S.D. Miss. Feb. 24, 2012) (finding that Plaintiff's state law claims for fraud, breach of the covenant of good faith and fair

5

dealing, breach of contract, tortious breach of contract, bad faith, breach of fiduciary duty, negligence, and gross negligence were preempted by ERISA); *Smith*, No. 2:11CV35KS-MTP, 2011 WL 1402880, at *3 (finding Plaintiff's state law claims for breach of contract, fraud, intentional and/or negligent misrepresentation, breach of fiduciary duty, and negligence to be preempted by ERISA).

13.     The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties.  Plaintiff's claims in this action arise from the denial of her claim for benefits under the ERISA-governed Policy; therefore, this action is clearly preempted by ERISA, within this Court's federal question jurisdiction, and removable to the United States District Court for the Southern District of Mississippi, pursuant to the provisions of 28 U.S.C. § 1441(a).

## MISCELLANEOUS

14.     This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15.     The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

16.     Defendant has not sought similar relief with respect to this matter.

17.    Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

18.    A true and correct copy of this Notice of Removal will promptly be filed with the Clerk of the County Court of Lauderdale County, Mississippi, as provided by law.

19.    The allegations of this Notice are true, correct, and within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division, and this cause is removable to the United States District Court for the Southern District of Mississippi, Northern Division.

20.    Should any question arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and present oral argument to show that this case clearly is removable under controlling federal law. *See Allen v. R&H Oil & Gas Co.*, 63 F3d 1326, 1336 (5th Cir. 1995).

WHEREFORE, PREMISES CONSIDERED, Defendant Aetna Life Insurance Company desiring to remove this civil action to the United States District Court for the Southern District of Mississippi, Northern Division – the District encompassing the county in which such civil action is pending – pray that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted on this the 26th day of September 2019,

*/s/ Ollie A. Cleveland, III*
Ollie A. Cleveland, III (MSB No. 101178)
William B. Wahlheim, Jr. (*pro hac vice* to be filed)
*Attorneys for Defendant Aetna Life Ins. Co.*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999
tcleveland@maynardcooper.com
wwahlheim@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 26th day of September 2019.

Stephen P. Wilson
MS Bar # 101219
P.O. Box 2809
1709 23rd Ave.
Meridian, MS 39302
601-207-4209
*Attorney for Plaintiff*

*/s/ Ollie A. Cleveland, III*
OF COUNSEL