**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MARIANNE TODD**                                                                                           **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 3:19-cv-699-HTW-LGI**

**AETNA LIFE INSURANCE CO., and
JOHD DOE Defendants 1 through 15**                                                   **DEFENDANTS**

## ORDER

Before this court is a motion **[doc. no. 13]** filed by the Defendant Aetna Life Insurance Company (hereinafter "Aetna" or Defendant") for partial dismissal of Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure. The Plaintiff herein, Marianne Todd (hereinafter "Todd" or "Plaintiff") opposes the motion. Briefing is complete in this matter.

The Plaintiff here, Marianne Todd, was the spouse of Dudley Tardo, and the beneficiary of a life insurance policy provided by his employer, that included a provision for Accidental Death and Personal Loss ("ADPL"). After Tardo died in car crash, Aetna denied benefits for accidental death, finding that he died of natural causes.

Plaintiff initially filed her Complaint in the County Court of Lauderdale County, Mississippi on July 25, 2019. Aetna removed the case to this federal district court and moved to dismiss Plaintiff's state-law claims as preempted by the Employee Retirement Income Security

---

[1] Federal Rules of Civil Procedure 12(b)(6) states in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(6) failure to state a claim upon which relief can be granted. . . ."
Fed. R. Civ. P. 12(b)(6)

1

Act of 1974 ("ERISA").[2] Thereafter, on November 26, 2019, Plaintiff amended her Complaint to allege claims under ERISA [doc. no. 12]. Specifically, she alleges that she is entitled to Accidental Death and Personal Loss ("ADPL") benefits as a beneficiary under Policy No. 621487 (the "Policy") issued by Aetna to CCL Industries Corporation ("CCL").

Todd, in her Amended Complaint, seeks benefits allegedly due under the Plan, attorney's fees and costs, and "such other relief as may be just and proper." See [doc. no. 12 at 5]. Plaintiff asserts three causes of action under ERISA: (1) Count One of Plaintiff's Amended Complaint asserts a claim for benefits under the plan; (2) Count Two of her Amended Complaint alleges a 'breach of fiduciary duty' claim; and (3) Count Three of Plaintiff's Amended Complaint alleges failure to establish reasonable review procedures on the part of Aetna. Plaintiff asserts that she is entitled to a review de novo of her claims.

Aetna contends that Plaintiff's first claim as listed above, is the only cause of action she can plead under Fifth Circuit precedence. According to Aetna, Plaintiff cannot bring a separate cause of action based on an alleged breach of fiduciary duty; nor can she bring a separate claim for failure to establish reasonable review procedures. These two claims, says Aetna, are merged into Todd's claim for benefits under Count One of her Amended Complaint.

## 12(B)(6) LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor.

---

[2] The Employee Retirement Income Security Act of 1974 ("ERISA") is codified as Title 29 U.S.C.A. § 1001 et seq. It provides in most pertinent part:
  It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts. 29 U.S.C.A. § 1001(b).

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations of a complaint generally must be taken as true when ruling on a motion to dismiss, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

To proceed, the Complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, at 677-78. This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678. Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

Aetna's arguments that Plaintiff's claims are duplicative, center around 29 U.S.C. § 1132(a)(3)[3] and 29 U.S.C. §1132(a)(1)(B)[4] of ERISA. Section 1132(a)(1)(B) allows a participant or beneficiary to file a lawsuit to recover benefits due and to enforce his or her rights under the plan. Section 1132(a)(3) allows a participant or beneficiary to seek to enjoin certain

---

[3] (a) Persons empowered to bring a civil action
A civil action may be brought—
. . .
  (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

[4] (a) Persons empowered to bring a civil action
A civil action may be brought--
 (1) by a participant or beneficiary--
    (A)  for the relief provided for in subsection (c) of this section, or
    (B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
29 U.S.C. § 1132

practices or to seek other equitable relief. This latter provision, § 1132(a)(3) has been called the "catchall provision." See e.g., *Varity Corp. v. Howe*, 516 U.S. 489 (1996).

The United States Supreme Court held in *Varity Corp. v. Howe*, that participants and beneficiaries could assert an individual claim for relief under § 1132(a)(3), only when no "other appropriate equitable relief" is available under any of ERISA's other civil enforcement provisions. *Varity,* 516 U.S. at 512 ("where Congress elsewhere provided relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate"). The Fifth Circuit has followed this rule. See *Innova Hosp. San Antonio, Ltd. Partnership v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) (citing *Swenson v. United of Omaha Life Ins. Co.,* 876 F.3d 809, 812 (5th Cir. 2017)).

The Fifth Circuit, in *Innova Hospital*, stated, " [f]ollowing: Supreme Court guidance, the vast majority of circuit courts have held that "if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1), there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)*." Innova Hosp. at* 733 (5th Cir. 2018).

The plaintiff in *Swenson v. United of Omaha Life Ins. Co.,* like the Plaintiff in the instant case, brought a claim for breach of fiduciary duty under ERISA. The district court dismissed the claim. On appeal, the Fifth Circuit affirmed the district court decision, stating, "[b]ecause ERISA's civil enforcement provision provides a direct mechanism to address the injury for which Swenson seeks equitable relief, she cannot assert a separate ERISA claim for breach of fiduciary duty. *Swenson v. United of Omaha Life Ins. Co.,* 876 F.3d 809, 812 (5th Cir. 2017) (citing *Tolson v. Avondale Indus.*, Inc., 141 F.3d 604, 610 (5th Cir. 1998)).

The law is clear in the Fifth Circuit. If Plaintiff has a claim for benefits under §1132(a)(1), she may not also pursue a claim under §1132(a)(3). Therefore, Todd's claim for breach of fiduciary duty must be dismissed.

Aetna also contends that Count Three of Plaintiff's Complaint should be dismissed. According to Aetna, Todd's allegation that Aetna failed to comply with claims procedures alleges no additional facts beyond what she alleges in her claim for benefits. Therefore, says Aetna, this claim is also duplicative and should be dismissed, and Plaintiff should be allowed to proceed only on her claim for benefits under 1132(a)(1)(B), Count One of her Amended Complaint.

Todd contends that she should be allowed to pursue all three counts as alleged. She attempts to distinguish *Varity* and *Innova Hospital*, *supra*. As Todd correctly points out, the Supreme Court's pronouncement in *Varity,* that equitable relief is not generally appropriate when monetary relief is available to an ERISA plaintiff, is not absolute. The *Varity* Court, says Todd, held that such relief **normally** would not be appropriate, which means that there are circumstances in which equitable relief under § 1132(a)(1) would be appropriate. Todd, though, was unable to explain in her brief why her case would fall outside the norm.

Court intervention is necessary, says Todd, to enforce Plaintiff's rights under the policy and under ERISA as it pertains to certain statements and medical documents that she says were not considered by the Plan Administrator. These additional counts are necessary, according to Todd, so that these items could be reviewed and considered, based on a *de novo* standard.

Section 1132(a)(1) is the provision that provides for participants to recover benefits or enforce their rights under ERISA, and Plaintiff's claims can be adequately addressed under its provisions. As Aetna has acknowledged in its Rebuttal brief, … "de novo review of the benefits

claim denial due to alleged claim procedure violations, is necessarily a component of the §1132(a)(1)(B) claim for benefits."

The Fifth Circuit, in *Manuel v. Turner Industries Group, LLC,* said, "in an ERISA action under [ERISA § 1132 (a)(1)(B)], a claimant may question the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." *Manuel v. Turner Industries Group, LLC,* 905 F.3d 859, 867 (5th Cir. 2018) (citing *Crosby v. La. Health Serv. & Indem.* Co., 647 F.3d 258, 263 (5th Cir. 2011). This court has allowed claims administration issues to be raised in ERISA § 1132 (a)(1)(B) causes of action. See, e.g., *White v. Life Ins. Co. of N. Am.,* 892 F.3d 762, 769–70 n.2 (5th Cir. 2018); *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 139 (5th Cir. 2016); *Shedrick v. Marriott Int'l, Inc.,* 500 F. App'x 331, 337 n. 5, 338–39 (5th Cir. 2012); *Lafleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 150, 153–57 (5th Cir. 2009).

"Generally, in suits brought under (a)(1)(B), district courts review the denial of … benefits … de novo." *Burell v. Prudential Ins. Co. of Am.,* 820 F.3d 132, 137 (5th Cir. 2016) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the benefits pan gives the administrator authority to determine eligibility for benefits or to construe the plan terms, however, the denial is reviewed for an abuse of discretion. *Id.* See also *Foster v. Principal Life Ins. Co.,* 920 F.3d 298, 303 (5th Cir. 2019).

Aetna has not argued in the case *sub judice* that the plan at issue calls for an abuse of discretion review. To the contrary, Aetna has acknowledged in its Rebuttal brief that "Count Three, seeking de novo review of the benefits claim denial due to alleged claim procedure

violations, is necessarily a component of the §1132(a)(1)(B) claim for benefits." *Defendant's Rebuttal Brief* [doc. no. 20 p.2].

Even under an abuse of discretion standard, however, the court looks to whether the plan fiduciary's decision is supported by evidence and is not arbitrary and capricious. *Foster* at 304. A plan administrator abuses its discretion if it acts arbitrarily or capriciously. *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 233 (5th Cir. 2004). See also *Michael P. v. Blue Cross & Blue Shield of Texas,* No. 20-30361, 2021 WL 4314316, at *2 (5th Cir. Sept. 22, 2021) (To be sure, "[p]lan administrators may not arbitrarily refuse to credit a claimant's reliable evidence) (citing *Vercher* at 233)).

The Fifth Circuit stated, in *Innova Hospital*, that plaintiff's § 1132(a)(3) claims were indistinguishable from its § 1132(a)(1) claim. In that case, the district court had concluded, and the Fifth Circuit agreed, that the § 1132(a)(3) claims were "essentially claims for benefits denied*." Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018).

The claims for relief Todd Submits in Count Two and Count Three of her Amended Complaint are merged into her claim under Count One, her claim for benefits. Therefore, her separate claim for breach of fiduciary duty and her separate claim for unreasonable review procedures must be dismissed as separate causes of action.

CONCLUSION

For all of the reasons stated herein, Defendant Aetna's "Motion for Partial Dismissal" **[doc. no. 13]** is **granted.** Counts Two and There of Plaintiff's Amended Complaint, for "breach

of fiduciary duty" and "failure to establish reasonable review procedures," are hereby dismissed, as these claims are incorporated into Count One. Count One is unaffected by this Order.

SO ORDERED AND ADJUDGED, this 30th day of September, 2021.

                                                s/ HENRY T. WINGATE
                                   UNITED STATES DISTRICT JUDGE